NOT DESIGNATED FOR PUBLICATION

No. 128,986

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.
ABEL ESTRADA JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Greenwood District Court; PHYLLIS K. WEBSTER, magistrate judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.


*Abel Estrada Jr.*, appellant pro se.


*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., HURST and COBLE, JJ.


PER CURIAM: Abel Estrada Jr. appeals his conviction for failing to display a valid license plate. Estrada claims: (1) The State failed to present sufficient evidence to support his conviction; (2) the law enforcement officer lacked reasonable suspicion to stop his car; (3) the district court violated his due process rights by failing to adequately rule on his pretrial motions; and (4) his conviction violated his fundamental right to travel. After thoroughly reviewing the record, we affirm the district court's judgment.

1

*Factual and procedural background*

On August 21, 2024, Deputy Clinton Hansen of the Greenwood County Sheriff's Office was patrolling in Eureka when he noticed a car with "a very unusual registration." The license plate had markings for both Kansas and US DOT, listed the words "Private" and "EXEMPT," and did not have any expiration date. In all his years in law enforcement, Hansen had never seen a similar license plate. And he was unable to retrieve any information when he ran the number listed on the plate. A photograph of the license plate, admitted into evidence at Estrada's bench trial, is reproduced here:



The car, driven by Estrada, changed lanes without signaling, so Hansen initiated a traffic stop. Estrada presented a valid driver's license and proof of insurance. When Hansen asked about the license plate, Estrada replied that he "was driving in the private; he was not driving commercially . . . [and] did not need a commercial license plate." Estrada told Hansen that "the plate that was displayed was perfectly legal and lawful." He also told Hansen that he had a standard Kansas-issued license plate with him in the car but was about to "mail it back to Topeka." Estrada explained that he was a "free national" and did not need to use the Kansas-issued plate. Hansen seized the fake license plate and attached Estrada's Kansas plate to the back of the car. Hansen then issued Estrada a

citation and notice to appear for the illegal display of a license plate. Estrada initially refused to sign the citation to certify his appearance in court but agreed to do so when Hansen told him that he would be taken to jail if he declined to do so.

The State later filed a complaint charging Estrada with one count of failure to display a license plate, an unclassified misdemeanor, in violation of K.S.A. 8-133. The district court issued a summons for Estrada to appear in Greenwood District Court.

Estrada filed several motions in district court, including a lengthy "Motion to Dismiss with Extreme Prejudice" and two "Motion[s] to Dismiss Liability." The case proceeded to a bench trial, where Estrada represented himself with standby counsel. Before hearing any evidence, the district court addressed Estrada's motions and denied them on the record. The State called Hansen as its only witness. Estrada testified in his defense and also called his wife as a witness. Estrada conceded that the license plate he had displayed on his car was made by a private company. He testified that he kept the Kansas-issued plate in his car in case he is "gonna be doing some kind of commerce, or make money for profit." In that situation, he would put the Kansas-issued license plate on his car. Estrada stated that when Hansen pulled him over, he had the manufactured plate on his car because he was "in the private." He testified that his manufactured plate was good "[i]ndefinitely" when he used his car "in the private."

After hearing the evidence and the parties' arguments, the district court found Estrada guilty of failing to display a valid license plate. The district court fined Estrada $50 and assessed $108 in court costs. It also imposed a 15-day jail sentence, which was suspended for 6 months of unsupervised probation with the conditions that Estrada follow the law and pay the fine and costs. Estrada timely appealed the district court's judgment, and he represents himself in this appeal.

3

*Did the State present sufficient evidence to support Estrada's conviction?*

Estrada first argues the State failed to present sufficient evidence to support his conviction for failing to display a valid license plate. Estrada makes two arguments about the sufficiency of the evidence: First, he contends that K.S.A. 8-133 "criminalizes only conduct where the plate is not **clearly visible and legible**." Second, he argues the State failed to prove any mens rea element of the offense; he asserts K.S.A. 8-133 requires proof that the offense was committed knowingly. The State maintains that Estrada's first argument relies on the wrong subsection of the statute and that his second argument is meritless because the statute is a strict liability offense.

When a criminal defendant challenges the sufficiency of the evidence to sustain a conviction, an appellate court looks at all the evidence in a light more favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. In doing so, this court will not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Harris*, 310 Kan. 1026, 1030, 453 P.3d 1172 (2019).

K.S.A. 8-133(a) provides in pertinent part: "The license plate *assigned to the vehicle* shall be attached to the rear of the vehicle and shall be displayed during the current registration year or years." (Emphasis added.) The State's complaint alleged:

> "That on or about the 21st day of August, 2024, in Greenwood County, State of Kansas, Abel Estrada Jr., did, then and there, contrary to the statutes of the State of Kansas, did unlawfully operate any vehicle, to wit; 2011 GMC Acadia upon a highway which does not have the assigned license plate properly affixed to the rear of the vehicle showing the current registered year, in violation of K.S.A. 8.0133 and against the peace and dignity of the State of Kansas."

4

Thus, the State needed to show that Estrada was operating a vehicle on a public road in Greenwood County and that the vehicle did not have a properly assigned license plate attached to the rear, which displayed the current registration year. A review of the record shows the State presented sufficient evidence to meet that burden.

The testimony of both Henson and Estrada support the district court's finding that Estrada violated K.S.A. 8-133(a). Henson testified that he observed Estrada driving on a public road in Greenwood County with the unofficial license plate displayed on the back of his car. Estrada admitted that he was driving on a public road and had the unofficial plate displayed on the car. Estrada also admitted that a private company made the plate, and it was not issued by any government agency. Contrary to Estrada's argument, the statute prohibits more than displaying a license plate that is not clearly visible and legible; it requires a car to have a valid, Kansas-issued license plate, which displays the current registration year. See K.S.A. 8-133(a), (c). While Estrada had a valid Kansas-issued license plate with him in the car, it was not properly displayed as required by the statute. There was sufficient evidence, based solely on Estrada's testimony, to support the district court's finding that Estrada violated K.S.A. 8-133(a) when he was driving on a public road with the license plate he purchased from a private company.

Estrada also argues that the State failed to prove any mens rea element of the offense, and that K.S.A. 8-133 "requires proof of knowing conduct." His argument is flawed because a violation of K.S.A. 8-133 is a strict liability crime; that is, it does not require proof of any criminal intent. See K.S.A. 21-5203(a) ("A person may be guilty of a crime without having a culpable mental state if the crime is: [a] misdemeanor . . . or traffic infraction and the statute defining the crime clearly indicates a legislative purpose to impose absolute liability for the conduct described."). A violation of K.S.A. 8-133(a) is an unclassified misdemeanor, and the plain language of the statute requires the license plate assigned to the vehicle to be properly displayed, without mentioning intent. While the evidence at trial established that Estrada knowingly intended to display a license plate

5

not assigned to his car, his culpable mental state was not an element of the offense. We conclude the State presented sufficient evidence to support the conviction.

*Did the officer lack reasonable suspicion to stop Estrada?*

Next Estrada contends Hansen "[v]iolated the Fourth Amendment of the Kansas Constitution" because he lacked reasonable suspicion to initiate the traffic stop. The State points out that Estrada has not preserved this issue, nor has he properly briefed it, and contends that even if he had, he would not be entitled to relief.

The Fourth Amendment to the United States Constitution and section 15 of the Kansas Constitution Bill of Rights protect against unreasonable searches and seizures. See, e.g., *State v. Jones*, 300 Kan. 630, 637, 333 P.3d 886 (2014). A seizure occurs when a law enforcement officer stops a vehicle on a public roadway by a show of authority and restrains an individual's liberty. 300 Kan. at 637. The seizure of an individual by a law enforcement officer is not constitutionally reasonable unless the officer knows specific and articulable facts that create reasonable suspicion that the individual is committing, has committed, or is about to commit a crime. 300 Kan. at 637. "A traffic infraction provides the reasonable suspicion required to initiate a traffic stop." *State v. Arrizabalaga*, 313 Kan. 323, 330, 485 P.3d 634 (2021).

The State is correct that Estrada has failed to preserve this issue because he never moved to suppress the evidence based on a violation of his constitutional rights. In any event, setting aside whether Hansen had reasonable suspicion to stop Estrada for a tag violation, the record is clear that Hansen stopped Estrada's car after observing him change lanes without signaling—a traffic infraction. That traffic infraction—which Estrada does not contest occurred—was a specific, articulable fact that provided the requisite reasonable suspicion to initiate the traffic stop. Because the traffic stop was legally justified by reasonable suspicion, Estrada's Fourth Amendment claim fails.

*Did the district court deny Estrada due process by failing to rule on his pretrial motions?*

Estrada argues the district court violated his due process rights by failing to adequately rule on his pretrial motions. The State asserts the district court properly denied Estrada's motions. The State also asserts that Estrada has failed to comply with Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36) by failing to point to where the due process issue was raised and ruled on by the district court or otherwise provide an exception to the preservation rules.

Putting aside any problems with Estrada's brief complying with Supreme Court Rule 6.02(a)(5), he is not entitled to relief on this issue. Estrada is mistaken in his assertion that the district court failed to rule on his pretrial motions. The transcript of Estrada's bench trial reflects that the district court considered and denied Estrada's various motions. To the extent Estrada contends the district court was required to make more detailed findings, he did not object in district court to the alleged inadequacy of the district court's findings. When no objection is made to a district court's findings of fact or conclusions of law based on inadequacy, "an appellate court can presume the district court found all facts necessary to support its judgment." *State v. Sanders*, 310 Kan. 279, 290, 445 P.3d 1144 (2019). Estrada's claim that the district court denied him due process by failing to adequately rule on his pretrial motions lacks merit.

*Is Estrada's constitutional right to travel argument preserved or properly briefed?*

Finally, Estrada asserts that application of K.S.A. 8-133 to noncommercial driving would infringe on a constitutional, fundamental right to travel privately, or, in his words, that K.S.A. 8-133 cannot "override a constitutionally protected interest in moving about privately and freely outside of commercial activity." The State asserts Estrada's argument is based on a fundamental misunderstanding of the law and, regardless, that appellate review is precluded because Estrada has failed to preserve or properly brief the issue.

7

"Generally, constitutional claims cannot be raised for the first time on appeal." *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Supreme Court Rule 6.02(a)(5) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal as well as how any exceptions to the preservation rules apply. To that end, the Kansas Supreme Court has repeatedly warned that Rule 6.02(a)(5) is to be strictly enforced and that litigants who fail to comply risk a ruling that an issue is improperly briefed and will be considered waived or abandoned. See, e.g., *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022).

Estrada's constitutional right to travel issue contains no citation to the record where it was raised and ruled on in district court and fails to explain the potential application of the preservation exceptions. While pro se litigants receive leeway in the construction of their pleadings, that leniency does not absolve them from adhering to procedural requirements or meeting substantive legal standards. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022). Estrada has failed to comply with the requirements of Supreme Court Rule 6.02(a)(5). As such, his constitutional claim is not preserved or properly briefed and is considered waived or abandoned.

Affirmed.